SCHWARTZ, Chief Judge.
Millman, the plaintiff below, won a jury verdict of $50,000 in damages — reduced by fifty per cent comparative negligence— against a Key West Howard Johnson’s motel. The claim was based upon the appel-lee’s negligence[1] in failing to protect Mill-man, a jewelry salesman who was a guest at the hotel, from an armed robber who broke into his locked room, held him up at gun point, bound and gagged him, and then escaped with all his property. After the trial, the lower court reduced the verdict and judgment to $500 pursuant to section 509.111(1), Florida Statutes (1983),[2] on the ground that the statutory prerequisites for the recovery of more than $1,000 (less $500 representing fifty per cent comparative negligence[3]) had not been satisfied. This ruling was erroneous.
Even to the extent that it applies, section 509.111(1) limits an innkeeper’s liability only as to the value of personal property which is stolen from or lost by a hotel guest. It clearly has no effect upon the damages recoverable for mental pain and suffering, anguish, humiliation, and other personal injury which are appropriate elements of damages in a case such as this, 4 Fla.Jur.2d Assault — Civil Aspects § 18 (1978); 24 Fla.Jur.2d False Imprisonment § 10 (1981), which Millman specifically pled and concerning which he testified and the jury was instructed. Since the record concerning the plaintiff’s personal damages fully supports the difference between the $1,000 in awardable property loss and the $50,000 award, the judgment under review is reversed and the cause remanded with directions to enter a judgment in Millman’s favor for $25,000 in accordance with the jury verdict.
AFFIRMED IN PART, REVERSED IN PART.

. Howard Johnson’s does not challenge the jury finding to this effect.

. 509.111 Liability for property of guests.— (1) The operator of a public lodging establishment is under no obligation to accept for safekeeping any moneys, securities, jewelry, or precious stones of any kind belonging to any guest, and, if such are accepted for safekeeping, he shall not be liable for the loss thereof unless such loss was the proximate result of fault or negligence of the operator. However, the liability of the operator shall be limited to $1,000 for such loss, if the public lodging establishment gave a receipt for the property (stating the value) on a form which stated, in type large enough to be clearly noticeable, that the public lodging establishment was not liable for any loss exceeding $1,000 and was only liable for that amount if the loss was the proximate result of fault or negligence of the operator, [e.s.]

.We express no view on the correctness of this reduction.